UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Civil Action No.

KENTREL HILL,      )
      )
     Plaintiff,      )
      )
v.      )
      )
MIAMI-DADE COUNTY SCHOOL      )
BOARD,      )
      )
     Defendant.      )
      )

## COMPLAINT

Plaintiff KENTREL HILL ("Plaintiff"), sues the Defendant MIAMI-DADE COUNTY SCHOOL BOARD ("Defendant"), and alleges:

## NATURE OF THE ACTION

1. This is an action arising out of Plaintiff's employment relationship with the Defendant and to recover damages for interference and retaliation pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

## PARTIES

2. At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

3. At all times material, Miami-Dade County School Board ("the Board") is the governing body of Miami-Dade County Public Schools ("MDCPS"). The Board directs, controls, and supervises the operation and administration of all schools, programs, and activities within the MDCPS system. The Board performed its business in Miami-Dade County, Florida.

4. At all times material, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A). Plaintiff specifically incorporates the definition of "eligible employee" under the FMLA.

5. At all times material, Defendant was an "employer" as defined by the FMLA, 29 U.S.C.§ 2611(4).

6. At all times material, Defendant employed at least fifty employees within seventy-five miles of Plaintiff's worksite.

7. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## JURISDICTION AND VENUE

8. Plaintiff brings this action pursuant to 29 U.S.C. § 2601 *et seq.*

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4), and 28 U.S.C. § 2617.

10. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district, and because Defendant has its principal place of business within the district, resides in the judicial district, and because the employment records of Plaintiff are stored or have been administered in Miami-Dade County.

## PROCEDURAL REQUIREMENTS

11. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed, or been excused before the filing of this lawsuit.

## **GENERAL ALLEGATIONS**

12. Plaintiff was hired by Defendant during or around year 2017 as an educator.

13. At all times material, Plaintiff was employed by Defendant as a Physical Education Teacher and Girls' Basketball Coach, at Booker T. Washington High School in Miami-Dade County Public School District.

14. On or about August 2, 2018, Defendant employed Plaintiff as a Physical Education (P.E.) teacher at Booker T. Washington High School. Plaintiff's work schedule was Monday through Friday, 7:10 am to 2:20 pm.

15. During Plaintiff's employment with Defendant, she excelled in her job performance. Additionally, Plaintiff loved working as a P.E. teacher at Booker T. Washington High School and thoroughly enjoyed working with the children.

16. During or around January 2019, Plaintiff noticed a lump on her left breast and began to experience soreness under her left arm. Plaintiff immediately sought the medical care and treatment of a physician to obtain diagnosis.

17. As a result of the size of Plaintiff's lump, Plaintiff had to attend several emergency doctor appointments.

18. On a few occasions, the doctor's appointments caused Plaintiff to arrive approximately thirty (30) minutes late to work.

19. In early February 2019, Plaintiff had a meeting with Principal William Arstide, Vice Principal MacArthur, Assistant Principal Axem and a third Assistant Principal (Unknown Name). The meeting was regarding Plaintiff's tardiness. Plaintiff explained to the principals ("supervisors") that she needed to attend doctor appointments in an effort to obtain a diagnosis of a confirmed lump on her breast and soreness under her arm. Plaintiff further informed her

3

supervisors that immediately before the meeting she received information that her treating physicians diagnosed the lump as Breast Cancer based on recent testing, but needed to do additional medical testing to confirm.

20. After learning of Plaintiff's medical condition, Plaintiff's supervisors still required her to sign documents regarding her tardiness.

21. Thereafter, Defendant's conduct toward Plaintiff was different than Defendant's conduct toward Plaintiff's colleagues who were similarly situated, but who did not suffer from a disability or handicap. Plaintiff's supervisors began micromanaging Plaintiff's work on a constant, pervasive basis because of Plaintiff's handicap. Particularly, Plaintiff's supervisors began observing Plaintiff's classroom during the entire class periods, something that Principals had not done outside of performance evaluations.

22. Defendant also treated Plaintiff different by not sending Plaintiff correspondence it sent to Plaintiff's colleagues who were similarly situated, but who did not suffer from a disability or handicap.

23. On or about March 6, 2019, the diagnosis Plaintiff feared became her reality. Plaintiff was diagnosed with Breast Cancer, Stage 3.

24. Plaintiff immediately informed her supervisors of her diagnosis, and her need for medical care, treatment and hospitalization, including but not limited to additional leave for surgery.

25. After receiving the cancer diagnosis, Plaintiff was scheduled for doctor appointments, twice per week, to prepare for chemotherapy treatment. Plaintiff informed her supervisors of her need to attend the frequent doctor appointments.

26. Although Plaintiff sometimes had to leave early for these appointments, approximately forty-five (45) minutes before the school day ended, she did not miss a full day of work.

27. Plaintiff always informed and/or reminded the school secretary and Principal when she was leaving to go to her doctor appointments.

28. Plaintiff did not perceive her requests for intermittent leave to be an issue, because she always made proper arrangements for her students.

29. Plaintiff also did not perceive her requests for intermittent leave to be an issue because, based on information and belief, Defendant granted more extensive leave to other educators who also had serious medical conditions but who were not of the same race as Plaintiff.

30. Plaintiff began chemotherapy on April 13, 2019.

31. Plaintiff never missed a full day of work during the time that she was receiving chemotherapy treatment. However, there were times when Plaintiff had to leave approximately one (1) hour before the school day ended to attend her chemotherapy treatment.

32. Plaintiff also never had to seek any emergency leave, that was not prearranged, and therefore Plaintiff always provided Defendant advanced notice of her leave requests.

33. Defendant failed to advise Plaintiff that she was entitled to FMLA.

34. At all times during her employment, Plaintiff was qualified to perform the essential functions of her job. Plaintiff has a Bachelor's Degree in Science and Physical Education, and throughout her employment she received strong performance evaluations. Although suffering from her medical condition, Plaintiff continued to satisfy her job requirements.

**(THIS SPACE INTENTIONALLY LEFT BLANK)**

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

35. As a qualified person with a disability, perceived disability, or serious medical condition, Plaintiff was entitled to be free from discrimination and retaliation by Defendant for requesting and/or taking FMLA.

36. In May 2019, Plaintiff was called into the Principal's office, where she was met by Principal William Artside, Vice Principal MacArthur, Assistant Principal Axem, Assistant Principal (Unknown Name), and a Teacher's Union Representative. Defendant terminated Plaintiff during this meeting.

37. Plaintiff worked at least 1,250 hours during the relevant twelve (12) month period because upon information and belief:

   a. Between August 2018 and December 2018 Plaintiff worked Monday through Friday from 7:10 am – 2:20 pm every workday, and Plaintiff arrived and left on time;

   b. Between October 2018 to December 2018 Plaintiff coached girls varsity basketball for Booker T. Washington High School, 3 days per week from 2:45pm to 4:30pm;

   c. Between December 2018 to February 2019 Plaintiff coached girls varsity softball for Booker T. Washington High School, 3 days per week from 2:45pm to 4:30pm; and

   d. Between January 2019 and May 2019, although Plaintiff may have arrived thirty minutes late some days during the month of January and may have left an hour early some days during the month of February, Plaintiff continued to work her regular schedule of Monday through Friday from 7:10 am – 2:20 pm.

## COUNT I: INTERFERENCE WITH FMLA
## RIGHTS AGAINST DEFENDANT (TERMINATION)

38. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

39. Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

40. At all times material, Plaintiff gave proper notice to Defendant by informing Defendant's Secretary and Assistant Principal that she was diagnosed with breast cancer, required both impatient care and ongoing treatment, and discussed her potential need to take leave.

41. Plaintiff provided enough information for Defendant to know that her potential leave may be covered by FMLA.

42. Defendant was aware that Plaintiff was unable to work due to her medical condition.

43. At all times material hereto, Plaintiff communicated with Defendant regarding her serious medical condition.

44. Defendant had knowledge of Plaintiff's medical serious condition and the reason for Plaintiff's leave and upcoming leave from work.

45. Despite its knowledge of Plaintiff's serious medical condition, Defendant failed to notify Plaintiff of her eligibility status and failed to afford Plaintiff the opportunity to request and obtain approval for leave when she was terminated shortly after requesting FMLA paperwork.

46. By failing to notify Plaintiff of her eligibility status, by preventing Plaintiff from requesting leave, and by terminating Plaintiff, Defendant interfered with Plaintiff's right to take leave under the FMLA — thereby denying Plaintiff the benefits to which she was lawfully entitled.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

A. Enter judgment in Plaintiff's favor and against the Defendant for its violations of the

7

FMLA;

B.  Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

C.  Award Plaintiff liquidated damages based on Defendant's conduct;

D.  Award Plaintiff prejudgment interest on her damages award;

E.  Award Plaintiff reasonable costs and attorney's fees;

F.  Award Plaintiff any further relief pursuant to the FMLA; and,

G.  Grant Plaintiff such other and further relief, as deemed equitable and just.

**COUNT II: VIOLATION OF THE FMLA BY DEFENDANT – RETALIATION**

47. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

48. Plaintiff's medical condition was sufficiently severe that she was entitled to take leave pursuant to the FMLA.

49. Plaintiff was eligible to take FMLA leave with Defendant.

50. On March 6, 2019, Plaintiff was diagnosed with Breast Cancer, Stage 3.

51. Plaintiff immediately informed Defendant's Secretary and Assistant Principal that she was diagnosed with Breast Cancer, would require both impatient care and ongoing treatment, and discussed her potential need to take leave.

52. After her diagnosis, Plaintiff was forced to leave work early, approximately twice a week, to attend her doctor's appointments and chemotherapy.

53. In May 2019, Plaintiff requested from Defendant the paperwork required to file for FMLA leave.

54. When Plaintiff notified Defendant of her serious health condition, of her need for hospitalization, and the need for additional leave for surgery, Plaintiff satisfied the notice requirements of the FMLA for employees.

55. Defendant terminated Plaintiff immediately after requesting and then taking FMLA leave.

56. Defendant terminated Plaintiff because she requested or took FMLA leave as described above.

57. The termination was due, in whole or in part, because Plaintiff requested and/or took FMLA leave.

58. As a direct and proximate result of the intentional violations by Defendant, of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

A. Enter judgment in Plaintiff's favor and against the Defendant for its violations of the FMLA;

B. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

C. Award Plaintiff liquidated damages based on Defendant's conduct;

D. Order reinstatement;

E. Award Plaintiff prejudgment interest on her damages award;

F. Award Plaintiff reasonable costs and attorney's fees;

G. Award Plaintiff any further relief pursuant to the FMLA; and,

H. Grant Plaintiff such other and further relief, as deemed equitable and just.

**(THIS SPACE INTENTIONALLY LEFT BLANK)**

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues triable as of right by jury.

Dated: May 26, 2021.                                   Respectfully submitted,

**By: s/ Tanesha W. Blye**
Tanesha W. Blye, Esquire
Fla. Bar No.: 0738158
E-mail: tblye@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 640166
E-mail: msaenz@saenzanderson.com
Aron Smukler, Esq.
Fla. Bar No.: 297779
E-mail: asmukler@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549