United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Kentrel Hill, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-21980-Civ-Scola |
| | ) | |
| Miami-Dade County School Board, | ) | |
| Defendant. | ) | |

**Order on Motion to Dismiss**

This matter is before the Court upon the Defendant's motion to dismiss the Plaintiffs' complaint. For the reasons stated below, the Court **grants** the Defendant's motion. (**ECF No. 8**.)

## 1. Background

Kentrel Hill's claims are again before the Court as she has filed a new complaint after the Court dismissed her prior filed action, *Hill v. Miami-Dade County School Board*, No. 21-20129-Civ, 2021 WL 1648225 (S.D. Fla. April 27, 2021) (Scola, J.) ("*Hill I*"). In her prior filed action, Ms. Hill sued the Defendant for alleged violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760 *et seq.* The Court dismissed Hill's ADA and FCRA claims with prejudice, but dismissed her FMLA claims without prejudice on jurisdictional grounds. In her re-filed action ("*Hill II*") only the Plaintiff's FMLA claims are before the Court.

The Plaintiff's allegations are largely identical to those raised in *Hill I*, though the Plaintiff did add some additional facts in an effort to address the jurisdictional and other deficiencies identified by the Court in its prior order. The Court briefly recounts the facts of this case below. The Plaintiff, Kentrel Hill, was hired by the Defendant "during or around year 2017 as an educator" and began working at the Booker T. Washington High School in the Miami-Dade County Public School District on August 2, 2018. (ECF No. 1, at ¶¶ 12-14.) The Plaintiff's work schedule was Monday through Friday, from 7:10 a.m. to 2:20 p.m. (*Id.*, at ¶ 14.) In January 2019, the Plaintiff noticed a lump on her left breast and on March 6, 2019, the Plaintiff was diagnosed with stage 3 breast cancer. (*Id.*, at ¶¶ 16, 23.) Between noticing the lump on her breast and her diagnosis, the Plaintiff attended several emergency doctor's appointments which caused her to arrive approximately 30 minutes late to work. (*Id.*, at ¶¶

17-18.) In February 2019, the Plaintiff met with Principal William Arstide, Vice Principal MacArthur, Assistant Principal Axem, and a third unknown Assistant Principal regarding Hill's tardiness. (*Id.*, at ¶ 19.) The Plaintiff claims to have told all present at the meeting that she needed to attend doctor's appointments to diagnose the lump on her breast and that immediately before the meeting "she received information that her treating physicians diagnosed the lump as [b]reast [c]ancer based on recent testing, but needed to additional medical testing to confirm." (*Id.*) The Plaintiff claims that at this meeting she was required to sign documents regarding her tardiness. (*Id.*, at ¶ 20.)

Thereafter, the Plaintiff claims the Defendant's conduct towards her changed such that was she was treated differently than similarly situated employees. Specifically, the Plaintiff alleges her supervisors "began micromanaging Plaintiff's work on a constant, pervasive basis"; "began observing Plaintiff's classroom during the entire class periods"; and failed to send her "correspondence it sent to Plaintiff's colleagues." (*Id.*, at ¶ 21-22.)

The Plaintiff further states that subsequent to her March 6 diagnosis, she "immediately informed her supervisors of her diagnosis, and need for medical care, treatment and hospitalization, including but not limited to additional leave for surgery" and that she was required to attend "doctor appointments, twice per week, to prepare for chemotherapy treatment." (*Id.*, at ¶¶ 24-25.) She claims to have told the Defendants at that time of her "potential need to take leave." (*Id.* at ¶ 55.) The Plaintiff had to leave work early for these appointments, and states that she "always informed and/or reminded the school secretary and Principal when she was leaving to go to her doctor appointments" and always made "proper arrangements for her students." (*Id.*, at ¶¶ 26-28.) The Plaintiff claims that she "never had to seek any emergency leave, that was not prearranged, and therefore Plaintiff always provided the Defendant advance notice of her leave requests." (*Id.*, at ¶ 32.) Ultimately, in May 2019, the Plaintiff was called to a meeting where she was terminated. (*Id.*, at ¶ 36.) As a result of her termination, the Plaintiff now brings two causes of action against the Defendant seeking to recover for interference with FMLA rights (Count I) and FMLA retaliation (Count II).

## 2. Legal Standard

### A. Rule 12(b)(6)

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need

only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Analysis

#### A. FMLA Claims

In *Hill I*, the Court dismissed the Plaintiff's FMLA claims as the Court found the Plaintiff failed to allege she had been employed for at "least twelve months by the employer and worked at least 1,250 hours during the previous twelve-month period" which is a "threshold jurisdictional question" under the FMLA. *Hill*, 2021 WL 1648225, at *2. In her revised complaint, the Plaintiff appears to have adequately plead (and the Defendant does not challenge) that she meets the FMLA's jurisdictional requirement. (*See*, ECF No. 1, at ¶ 37.) Therefore, the Plaintiff's interference and retaliation claims may proceed.

The FMLA creates two types of claims "to preserve and enforce the rights it creates: interference claims, in which an employee asserts his employer denied or otherwise interfered with her substantive rights under the Act, and retaliation claims, in which an employee asserts that her employer discriminated against her because she engaged in activity protected by the Act." *Bello v. Miami-Dade Cty.*, No. 19-22042-Civ, 2019 WL 4674636, at *3 (S.D. Fla. Sept. 25, 2019) (Scola, J.) (quoting *Brisk v. Shoreline Found., Inc.*, 654 F. App'x 415, 416 (11th Cir. 2016.) To establish an FMLA interference claim, the Plaintiff must show that "she was entitled to a benefit denied by the defendant." *Bello*, 2019 WL 4674636, at *3. To establish a retaliation claim, an employee must show that "(1) she engaged in a statutorily protected activity; (2) she suffered an adverse decision; and (3) the decision was causally related to the protected activity." *Id.*

#### B. Notice Under the FMLA

The Defendant states that both the Plaintiff's interference and retaliation claims must be dismissed because the Plaintiff failed to provide her supervisors with "sufficient notice of her need for foreseeable, intermittent leave, or work[]

out a leave schedule with her supervisors in advance of taking any leave, as the FMLA requires." (ECF No. 8, at 6.) In response, the Plaintiff appears to quote the notice provisions of the FMLA and simply suggests the facts alleged show that sufficient notice was given. (ECF No. 10, at 4-6.)

Under the FMLA, "[a]n employee must provide the employer at least 30 days advance notice before FMLA leave is to begin if the need for leave is foreseeable based on [planned medical treatment for a serious health condition]. . . . If 30 days notice is not practicable because of lack of knowledge . . . notice must be given as soon as practicable." *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 681 (11th Cir. 2018) (quoting 29 C.F.R. § 825.302(a)).[1] The notice provided must be "sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave." *Id.* (quoting 29 C.F.R. § 825.302(c)). An employee giving notice of FMLA leave need not expressly assert rights under the FMLA to meet the FMLA's notice obligation. *Sanders v. Temenos USA, Inc.*, 16-63040-Civ, 2017 WL 4577235, at *6 (S.D. Fla. Oct. 13, 2017) (Bloom, J.) (discussing 29 C.F.R. § 825.301(b)).  Notice must be given under "under both the discrimination and the interference provisions of the FMLA." *Avena*, 740 F. App'x at 681. Thus, whether the Plaintiff gave proper notice is a "threshold issue." *Sanders*, 2017 WL 4577235, at *6.

While the Defendant argues that the Plaintiff's FMLA claims should be dismissed because she provided notice of her needed leave less than 30 days in advance, the Court finds that is not required under the FMLA. Rather, under the FMLA, where leave is foreseeable, a party typically must give at least 30 days advance notice, though where such notice is not possible "such as because of a lack of knowledge . . . notice must be given as soon as practicable." 29 C.F.R. § 825.302(a). Here, taking all facts as true and construing all inferences in favor of the Plaintiff, the Court finds that the Plaintiff has alleged that she either gave 30 days notice or that it was not practicable for her to do so. In particular, the Plaintiff alleges that on March 6, 2019, she was diagnosed with stage 3 breast cancer and then "immediately informed her supervisors of her diagnosis" and the need for her "to attend frequent doctor appointments." (*Id.*, at ¶¶ 23-25.) Thus, it appears the Plaintiff

---

[1] The FMLA differentiates between the notice requirements for foreseeable and unforeseeable leave under the FMLA. *See* 29 C.F.R. 825.301(b). Section 825.302 of the Code of Federal Regulations deals with foreseeable FMLA leave, while Section 825.303 deals with unforeseeable FMLA leave. As the Plaintiff alleges that at all times she "never had to seek any emergency leave, that was not prearranged, and therefore Plaintiff always provided Defendant advanced notice of her leave requests" the Court analyzes the Plaintiff's allegations under the FMLA provision detailing notice requirements for foreseeable FMLA leave, 29 C.F.R. § 825.302.

gave notice as soon as was practicable in an attempt to seek leave under the FMLA based on her breast cancer diagnosis.

However, this is not the end of the Court's inquiry. "While suffering from a serious health condition is necessary, it is not sufficient for an employee to earn FMLA leave." *Finch v. Morgan Stanley & Co. LLC*, No. 15-81323-Civ, 2016 WL 4248248, at *4 (S.D. Fla. Aug. 11, 2016) (Marra, J.). The FMLA' notice requirement has two criteria, "timing and content." *Id.* When giving notice of foreseeable FMLA leave an employee must inform the employer of "the anticipated timing and duration of the leave" and where, as here, a Plaintiff seeks intermittent leave to receive planned medical treatments, "the employee must consult with the employer and make a reasonable effort to schedule the treatment so as not to disrupt unduly the employer's operations." 29 C.F.R. 825.302(c), (e). Here, the Plaintiff states 1) she "informed her supervisors of her need to attend the frequent doctor appointments"[2]; 2) "always informed and/or reminded the school secretary and Principal when she was leaving"; and 3) "never had to seek any emergency leave, that was not prearranged, and therefore Plaintiff always provided Defendant advanced notice of her leave requests." (ECF No. 1, at ¶¶ 25, 27, 32.) Even accepting the complaint's allegations as true, the Court finds that the Plaintiff failed to comply with the content aspect of the FMLA's notice requirements as the Plaintiff neither informed the Defendant of "the anticipated timing and duration of the leave" nor consulted with the Defendant to undertake reasonable efforts to schedule her treatments so as not to disrupt the Defendant's operations. Instead, it appears from the Plaintiff's complaint that she informed the Defendant of her illness, that she would require frequent doctor's appointments, would make prearrangements for her students, and inform a school official before leaving early or arriving late. These allegations are insufficient to satisfy the FMLA's notice requirement and in the "absence of such required notification, the [p]laintiff may not subsequently assert FMLA protections for her absences." *Rocky v. Columbia Lawnwood Reg'l Med. Ctr.*, 54. F. Supp. 2d 1159, 1171-72 (S.D. Fla. 1999) (Zloch, J.). Therefore, the Plaintiff's FMLA interference and retaliation claims require dismissal.

---

[2] Elsewhere in the Plaintiff's complaint, she states she told her supervisors immediately after her diagnosis of her "*potential* need to take leave." (ECF No. 1, at ¶ 51(emphasis added).) Accordingly, it is unclear when, if ever, the Plaintiff actually made a request for leave. This is a further deficiency with the Plaintiff's apparent notice to the Defendant. Indeed, a plaintiff needs to give her employer not only notice of a qualifying condition, but also that leave is *needed*. *Sanders*, 2017 WL 4577235, at *6; *see also Finch*, 2016 WL 4248248, at * 4. It is unclear, therefore, from the Plaintiff's complaint if she ever requested leave, or simply informed her supervisors that she may require leave as a result of her diagnosis and then proceeded to schedule her appointments without further conultation.

### C. FMLA Interference and Retaliation Claims

Even assuming, the Plaintiff had satisfied the timing and content aspects of the FMLA's notice requirement, the Plaintiff's claims would still be due for dismissal. First, the Plaintiff's interference claim must fail because the Plaintiff fails to identify a benefit for which she was denied. While the Plaintiff states she was not afforded the opportunity to request and obtain approval for leave (ECF No. 10, at 7), in her complaint she states that she was terminated "shortly after requesting FMLA paperwork" and that she was retaliated against because she "request[ed] and then t[ook] FMLA leave." (ECF No. 1, at ¶¶ 45, 55.) Hill also states in her complaint that on the day of her diagnosis, she requested "additional leave" for surgery. (*Id.*, at ¶ 24.) The Court finds the Plaintiff's arguments and the allegations in her complaint to be in tension. Instead of identifying a benefit that the Defendant or interfered with or denied to the Plaintiff, the Court finds the Plaintiff has failed to allege "she was entitled to a benefit which she was then denied" *Davis v. Delta Airlines, Inc.*, No. 18-25361-Civ, 2019 WL 5742150, at *4 (S.D. Fla. Nov. 5, 2019) (Scola, J.). Accordingly, the Plaintiff's interference is independently due for dismissal for the above stated reasons.

Second, the Plaintiff's retaliation claim must also be dismissed for similar reasons as the Court identified in *Hill I*. The Plaintiff relies on temporal proximity to prove causation by stating she requested FMLA paperwork from the Defendant in May 2019 and then was fired that same month, but the temporal relationship in question is the relationship between the "employer's knowledge of protected activity and an adverse action" which must be "very close." *Brisk*, 654 F. App'x at 416. At some points in the complaint the Plaintiff suggests she either requested or noted the potential need to request leave in March 2019 and then states that she was fired in May 2019, purportedly after requesting FMLA leave paperwork. The inconsistency in the Plaintiff's allegations make it difficult for the Court to determine when the Plaintiff purported to request FMLA leave, though the Court notes that the Plaintiff's entire complaint appears premised on the fact that she allegedly requested leave upon her diagnosis and then was fired months later. This gap between the Plaintiff's apparent request and the adverse employment action, absent other evidence tending to show causation, is insufficient to support the Plaintiff's retaliation claim. *See id.* As the Court noted in *Hill I*, while the Plaintiff claims she was treated differently than similar situated employees as she was "'micromanag[ed]' and . . . stopped receiving the same unspecified 'correspondence' as her colleagues" and because her supervisors "observ[ed] . . . the Plaintiff's classroom after the Plaintiff's tardiness" the Court still finds

that these actions, absent more, do not show her retaliation was motivated by retaliation or animus. *Hill I*, 2021 WL 1648225, at *3; *see also Strickland v. Water Works and Sewer Bd.*, 239 F.3d 1199, 1207 (11th Cir. 2001). As with the Plaintiff's interference claim, the Plaintiff's retaliation claim is also independently due for dismissal.

### 4. Conclusion

Based on the foregoing, the Court **grants** the Defendant's motion to dismiss with prejudice. (**ECF No. 8**.) The Court notes that, just as in *Hill I*, the Plaintiff sought leave to amend its complaint in a single sentence in its opposition to the Defendant's motion to dismiss. (ECF No. 10, at 6.) The Plaintiff was on notice that the Court's practice is not to allow a party to amend its pleading by seeking leave to do so as an afterthought in its briefing and therefore denies that request. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Newton v. Duke Energy Florida, LLC,* 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."). If the Plaintiff, based on the Defendant's motion, believed she had the ability to plead an even better complaint, the Plaintiff should not have permitted the Court and the Defendant to have worked through her pleading "before bothering to inform all involved that she had a better pleading in her quiver, in case things went badly for her"; put simply, the Plaintiff made a tactical decision that did not work out in her favor. *See Donaldson v. Carnival Corp.*, 2021 WL 65445, at *1 (S.D. Fla. Jan. 7. 2021) (Scola, J.). The Plaintiff was already on notice of many of the deficiencies raised in the Defendant's motion because of *Hill I*, which were raised again by the Defendant here, but the Plaintiff failed to draft a viable complaint asserting claims under the FMLA. The Clerk is directed to **close** this case. All pending motions, if any, are denied as **moot**.

**Done and ordered**, in Miami, Florida, on July 23, 2021.

Robert N. Scola, Jr.
United States District Judge